IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHARAOH E. BROOKS,

    Petitioner,                    No. CIV S-11-1637 DAD P

   vs.

M. MCDONALD, Warden,         <u>ORDER AND</u>

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has also filed a motion for a stay and abeyance.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**BACKGROUND**

        On June 16, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging his 2008 judgment of conviction entered in the San Joaquin County Superior Court. Petitioner represents that he has filed a "mixed" petition with this court. Specifically, petitioner claims that six of his eight habeas claims are unexhausted. Petitioner

1

1  contends that he has good cause for a stay and abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269,
2  277 (2005). He also contends that his claims are potentially meritorious and that he is not using
3  the requested stay as a dilatory tactic. Petitioner maintains that he has been diligently
4  investigating and pursuing all of his claims. (Pet. at 2 & Mot. for Stay & Abey. at 1-2).

**DISCUSSION**

Petitioner is advised that a stay and abeyance procedure is available to petitioners who need to exhaust their claims in state court. See <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) (affirming district court discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition); <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) (analyzing the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief).

According to petitioner's form petition, he presented six claims which he characterizes as "unexhausted" on direct appeal to both the California Court of Appeal and the California Supreme Court. Petitioner is advised that where, as here, he has fairly presented his claims to the California Court of Appeal and the California Supreme Court on direct appeal, he has exhausted his state court remedies with regard to those claims. See <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986). Petitioner is not required to re-litigate his claims in state habeas corpus proceedings to satisfy the federal exhaustion requirement. Accordingly, under these circumstances, the court will recommend that petitioner's motion for a stay and abeyance be denied.[1] If these findings and recommendations

/////

---

[1] If the court has somehow misunderstood petitioner's form habeas application and motion for a stay and abeyance, he should file objections to these findings and recommendations and clarify why he believes he has not exhausted all of his claims by presenting them to the California Supreme Court. As noted above, based on petitioner's submissions to the court, it appears that he exhausted the six claims about which he is concerned on direct appeal through his petition for review filed with the California Supreme Court.

are adopted by the assigned district judge, the court will then issue an order requiring respondent to file and serve a response to petitioner's petition for writ of habeas corpus.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 6) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay and abeyance (Doc. No. 2) be denied; and

2. This matter be referred back to the undersigned for further proceedings on petitioner's original petition for writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
broo1637.styd