IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHARAOH E. BROOKS,

    Petitioner,                    No. CIV S-11-1637 MCE DAD P

    vs.

M. MCDONALD, Warden,

    Respondent.                  <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND

        On June 16, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging his 2008 judgment of conviction entered in the San Joaquin County Superior Court, together with a motion for a stay and abeyance. Petitioner represented that he had filed a "mixed" petition with this court and claimed that he had good cause for a stay and abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).

        On August 2, 2011, the court issued findings and recommendations, recommending that petitioner's motion for a stay and abeyance be denied. According to petitioner's form petition, he presented the six claims which he characterized as "unexhausted"

1

on direct appeal to both the California Court of Appeal and the California Supreme Court. The court advised petitioner that if he had fairly presented his claims to the California Court of Appeal and the California Supreme Court on direct appeal, he had exhausted those claims by fairly presenting them to the state high court. See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). The court instructed petitioner to file objections to the findings and recommendations if the court had somehow misunderstood his form habeas application or motion for a stay and abeyance.

In response to the court's findings and recommendations, petitioner has filed objections. Petitioner does not disagree with the findings and recommendations with regard to the six claims which he had previously characterized as "unexhausted." However, petitioner contends that he believes he still has an unexhausted claim that he would like to present to the California Supreme Court. Specifically, petitioner wishes to now exhaust an ineffective assistance of counsel claim. In this regard, according to petitioner his trial attorney did not exercise due diligence in attempting to locate an out-of-state alibi witness. Petitioner states that if this court is unable to grant him a stay based on the information contained in his previous motion for stay and abeyance, he would request adequate time to file a new motion for a stay and abeyance.

**DISCUSSION**

As petitioner is aware, the United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005). See also King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (analyzing the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States

Dist.Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to "mixed" petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court has cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

      Here, petitioner included the ineffective assistance of counsel claim that he now wishes to exhaust in his original federal habeas petition. In this regard, the petition pending before the court is a "mixed" petition. Under the Rhines procedure outlined by the Supreme Court, this court has discretion to stay a "mixed" petition to allow a petitioner time to return to state court to present his unexhausted claim. However, based on the information petitioner has provided to the court in his objections, it is not clear that the granting of a stay and abeyance is appropriate in this case. Specifically, petitioner has not provided sufficient facts and information to satisfy the requirements of Rhines. For example, the court is unable to determine whether petitioner had good cause for not exhausting all of his claims before filing this federal habeas action, whether petitioner's unexhausted claim is potentially meritorious, or whether petitioner has been diligent in pursuing his unexhausted claim.

      In the interest of justice, the court will grant petitioner additional time to file a renewed motion for a stay and abeyance. Petitioner is advised that any renewed motion must (1) show good cause for petitioner's failure to exhaust his ineffective assistance of counsel claim before filing this action, (2) demonstrate why his unexhausted claim is potentially meritorious,

/////

(3) describe the status of any state court proceedings on the unexhausted claim, and (4) demonstrate that petitioner has acted diligently in pursuing his unexhausted claim.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's August 2, 2011 findings and recommendations are vacated;

2. Petitioner's motion for a stay and abeyance (Doc. No. 2) is denied as moot; and

3. Petitioner is granted thirty days from the date of this order in which to file a renewed motion for a stay and abeyance addressing the issues set forth above.

DATED: August 23, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
broo1637.vac