IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHARAOH E. BROOKS,

    Petitioner,                  No.  2: 11-cv-1637 MCE DAD P

    vs.

M. McDONALD,

    Respondent.              <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 3, 2012, petitioner's motion for stay and abeyance was granted.[1]  (<u>See</u> Dkt. No. 19.)  Petitioner was ordered to present any unexhausted claims to the California Supreme Court within thirty days.  Furthermore, the court required petitioner to file a status report in this case on the first court day of every month.  Petitioner has complied with filing the status reports.  (<u>See</u> Dkt. Nos. 20, 21, 22 & 25.)

        On August 9, 2012, respondent filed a motion to vacate the stay.  Therein, respondent claims that petitioner does not have a pending state habeas petition before the California Supreme Court and is therefore in violation of the May 3, 2012 order which ordered

---

[1] Respondent did not oppose the request for stay and abeyance.

him to file his state habeas petition within thirty days.  Respondent attaches printouts from the California Supreme Court's online docket system which indicates that petitioner does not currently have a pending state habeas petition before that court.

Petitioner responds to respondent's motion by attaching a list of his special purpose mailings.  (See Dkt. No. 25.)  This document indicates that petitioner mailed something to the California Supreme Court on May 21, 2012.  However, a review of the California Supreme Court docket entries provided by respondent indicates that there is no habeas petition from petitioner pending before that court.

Rather than grant respondent's motion to vacate the stay, it appears as if petitioner has at least attempted to comply with this court's May 3, 2012 order.  Nevertheless, it also appears that no state habeas petition is currently pending in the California Supreme Court.  At this stage, petitioner shall be given an additional thirty days to present any unexhausted claims to the California Supreme Court in a further state habeas corpus petition.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Respondent's motion to vacate the stay (Dkt. No. 23.) is DENIED; and

2. Petitioner shall present any unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days if he has not done so already.  Failure to do so may result in the stay of this federal habeas action being lifted.

DATED: October 1, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
broo1637.motvacstay

2