IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FILED
Jun 29, 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARAOH E. BROOKS,<br><br>     Petitioner,<br><br>  vs.<br><br>ERIC ARNOLD, Warden, California State Prison, Solano,<br><br>     Respondent. | No. 2:11-cv-01637-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 44] |

   This Court denied Pharaoh E. Brooks, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on May 16, 2016. Docket Nos. 42, 43. At Docket No. 44, Brooks filed a motion for a certificate of appealability, which he sent directly to the Ninth Circuit Court of Appeals before the Ninth Circuit transferred it to this Court. The record indicates that Brooks has not yet filed in this Court a notice of appeal, which is the first step required for appealing from this Court's denial of his habeas petition. *See* FED. R. APP. P. 4(a)(1)(A). A notice of appeal from a judgment rendered under 28 U.S.C. § 2254 must be filed within 30 days after entry of the judgment. *Id.* The notice must include "the party or parties taking the appeal by naming each one in the caption or body of the notice," "the judgment, order, or part thereof being appealed," and "the court to which the appeal is taken." FED. R. APP. P. 3(c)(1).

Brooks' submission at Docket No. 44 contains the information required under Rule 3(c)(1) and appears to be timely filed[1] under Rule 4(a)(1)(A). The Court will therefore construe the filing as a timely-filed notice of appeal. However, because this Court has already denied Brooks a certificate of appealability, his request should be considered by the Court of Appeals rather than this Court.

**IT IS THEREFORE ORDERED THAT** Brooks' filing at Docket No. 44 will be construed as a timely-filed notice of appeal.

**IS IT FURTHER ORDERED THAT** the Clerk of Court is directed to transfer Brooks' Request for a Certificate of Appealability at Docket No. 44 to the Ninth Circuit Court of Appeals.

Dated: June 29, 2016.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

---

[1] This Court is obligated to give Brooks the benefit of the "mailbox rule" and assume that he "filed" his petition on the date he signed it and presumably turned it over to prison authorities. *See Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000) (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988)). Because Brooks' submission is not dated, the record does not indicate when he provided the document to prison authorities. The document indicates, however, that it was received by the Court of Appeals on June 20, 2016. Taking into account the time required for prison officials to mail and for the postal service to deliver the document, the Court will presume that Brooks submitted it to prison authorities on or before June 15, 2016.